[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (147)
This is a memorandum of decision with reference to a motion for contempt dated June 22, 1999. The motion for contempt specifically addresses a separation agreement which was entered pursuant to a judgment on October 9, 1996. The portions of the agreement that are relevant to the contempt are specifically Article 7D which states as follows:
"If the husband decides to pursue a possibility (sic) disability claim to recover lost medical disability benefits and is successful in his pursuit of said claim, the parties agree that the proceeds shall be divided equally between them. This decision to pursue said claim rests solely with the husband and his decision not to pursue said claim shall not be used against him in any manner whatsoever."
The factual background of this matter is that the defendant, prior to the time of the divorce, had two disability insurance policies in effect. One was a group disability policy which was provided through his employment. That policy provided for a benefit up to $8,397.00 per month, according to the testimony of Attorney Terry Zemetis.(See also CT Page 6398 Defendant's Exhibit "K".) The second policy was a policy which the defendant had purchased individually and provided for a monthly benefit of $3,900.00 per month. That second policy is described as a policy which would pay that benefit for the defendant's lifetime, assuming continued disability. At the time of the judgment, the defendant was receiving payments under the "second" policy in the amount of $3,900.00 per month.
Also at that time there was an outstanding claim, or the possibility of an outstanding claim against the insurance carrier that had issued the first policy. The basis of that claim was that the payments of $8,397.00 per month were never made by the carrier. Instead, the carrier had paid approximately $2,755.00 per month, resulting in a substantial shortfall. The other significant aspect of that particular policy, was that it limited payments under the circumstances of the defendant's disability to a period of 24 months. That factor lent a finite amount to the potential claim against the carrier, which would have been the shortfall between the maximum payable and the amount actually paid multiplied by the 24 month period. The testimony elicited was that the potential of this claim was believed to have been approximately $100,000.00. Accordingly, in Defendant's Exhibit "S" which was a draft of the agreement prior to the final version, Paragraph "8" of that document limits the overall amount to be divided to $100,000.00.
The divorce between these parties was pending for approximately one and one-half years. Attorney Deborah Eldridge acted as a mediator in this matter. Attorney Eldridge testified during the hearing with respect to the motion for contempt and did have a recollection of discussing Article 7D with the parties. There was a substantial change between the draft represented as Exhibit "S" and the final draft which was entered and incorporated as part of the judgment. Among other things, the final version of the document eliminates the reference to any specific amount, and eliminates the obligation on the part of the defendant to pursue that claim. In addition, and perhaps more importantly, reference is made by Attorney Eldridge to Articles 3 and 4 of the final agreement which call for the payment of alimony and child support. It is Attorney Eldridge's testimony, confirmed by other evidence in the file that at the time of the divorce, the defendant's income included the $3,900.00 per month which he was receiving under the policy that would pay him a lifetime benefit (the second policy). Accordingly, that second policy was considered insofar as it was the basis, or part of the basis, for the orders of child support and alimony. To paraphrase the testimony of Attorney Eldridge, one policy was treated as income, the other was treated as property.
It was the claim on the first policy that was treated as property, and CT Page 6399 which was included in Article 7D of the separation agreement. The testimony shows that policy has not been paid out, nor has there been any claim made against the carrier for payment on the unpaid portion of that policy. The testimony further shows that the release executed for the settlement of the "second" policy does not include nor make reference to the "first" policy. The settlement that was made with the insurance carrier was as to the policy which was being paid as income at the time of the divorce, which was the policy that provided for lifetime benefits. The settlement made was not that contemplated by Article 7 of the agreement. Accordingly, the defendant has not violated the terms of the separation agreement which has become the judgment in this file. The motion for contempt is therefore denied.
Robaina, J.